ELLIS, Judge.
This is a petitory action brought by Louis Franklin Munro and Rose F. Munro against Leisure, Incorporated. By third party petition, Leisure called its vendor, Ernest M. Loeb, III, and Associates, in warranty. After trial on the merits, judgment was rendered dismissing plaintiffs’ suit, without mention of the third party demand. Plaintiffs have appealed.
Plaintiffs have alleged that Louis Franklin Munro is the owner, but not in possession, of Lot 1 in Division 3 of Howze Beach Estates Subdivision, located in St. Tammany Drainage District No. 2, St. Tammany Parish, Louisiana.
The evidence shows that, as of the time the suit was filed, Leisure was in possession of the tract, and had constructed part of a golf course thereon. Under Article 3653 of the Code of Civil Procedure, a plaintiff in a petitory action must “make out his title” to the disputed property, if the defendant is found to be in possession thereof. This language has been interpreted to mean that the plaintiff must “show title good against the world without regard to the title of the party in possession.” Pure Oil Company v. Skinner, 294 So.2d 797 (La.1974).
The record shows that Mrs. Rose Franklin, wife of Charles H. Munro, acquired the subject property on October 20, 1931, from Tammany Real Estate Company, Inc. On December 6, 1933, the property was adjudicated to the State of Louisiana for non-payment of state and parish taxes for the year 1932.
On August 8, 1961, the said property was redeemed from the state, and Mrs. Munro received a redemption certificate on that date, reading as follows:
“I HEREBY CERTIFY, That Rose F. Munro has this day paid into the State *824 Treasury the sum of Fifteen Dollars and thirty-four Cents, being the full amount of Taxes, Interest, Costs, and Penalties, due for the year 1932 on the following described property, assessed to Rose F. Munro which was returned on the Tax Collector’s list of land sold the State from the Parish of St. Tammany filed in the Land Office, on the 10th day of January, 1934
“Lot 1 Div. 3 HB Ward 8
Recorded 1/4/34 COB 123 Folio 356 And in consequence of the payment of said Taxes, Interest, Costs, and Penalties, I do hereby certify that the above described property is redeemed to said Rose F. Munro against whom or which said taxes were assessed, provided for by R.S. 47:2224 of 1950, as amended by Act 55 of 1954.
“And the said Rose F. Munro, having redeemed the said above described property by paying all the taxes, interest, costs, and penalties aforesaid, the said Rose F. Munro as owner is legally subro-gated to all rights, liens, and mortgages of the State, incident to and growing out of the taxes for the year 1932 and its records in the offices required by law, without prejudice to any privileges or mortgages of the State, Parish or Municipal Corporation for other taxes.
Plaintiff Louis Franklin Munro acquired the said property by inheritance from his father, Charles H. Munro and by purchase from his mother, Rose Franklin Munro. He therefore proved a valid, prima facie title back to Mrs. Munro, who is the common ancestor in title of both parties.
Defendant’s title stems from an adjudication of the subject property to St. Tammany Drainage District No. 2, dated December 28, 1935, made in the name of Rose F. Monroe for drainage taxes due for the years 1932, 1933 and 1934.
On June 11, 1962, the subject property, with other property was adjudicated to J. W. Beasley by the Marshal of the Eastern District of Louisiana. The sale was made pursuant to a writ of fieri facias under which the property of the Drainage District was seized and sold in satisfaction of a judgment rendered against it in federal court. The property has since descended via a regular chain of title to Leisure, Incorporated.
Plaintiff concedes the validity of the tax adjudication to the Drainage District. However, he contends that, as a matter of law, the redemption of the state tax sale must be considered as a redemption of the tax sale to the drainage district as well, divesting the Drainage District of title to the subject property prior to the judicial sale to Mr. Beasley.
R.S. 47:2224 reads, in part, as follows:
“If the owner or any person interested personally or as heir, legatee, creditor or otherwise, in any lots or lands bid in for and adjudicated to the state, as long as the title thereto is in the state or in any of its political subdivisions, or if not heretofore contracted to be sold by such subdivisions, shall pay to the treasurer of the state, the taxes, interests and costs and five per centum (5%) penalty thereon, with interest at the rate of one per cen-tum (1%) per month until redeemed, the Register of the State Land Office, upon production of the treasurer’s receipt, shall execute and deliver to such person a certificate of the same under the seal of his office, which, when duly recorded in the office of the recorder of mortgages of the parish wherein said property is situated together with the name of the person redeeming the same, shall be held and taken as evidence of the redemption of such land or lands; . . . the amount paid shall be entered upon the records of lands by the Register of the State Land Office, who shall also immediately notify the assessor of the parish wherein the redeemed property is located, in writing, of the fact of such redemption; provided, however, that no such certificate of redemption shall be so issued to the person redeeming until and unless all state, parochial, district, and municipal taxes due on the property up to the date of redemption shall have first been paid; and provided further, that all certificates issued *825 under the provisions of this section shall be in the name of the original owner, to enure, however, to the benefit of any and all persons holding rights under such owner.”
¡k * ¡t¡ * sfc s(e
“All certificates of redemption of lands issued by the Register of the State Land Office, the title of which lands, at the time the certificate issued, was in the name of the state or in that of any of its political subdivisions, which certificates of redemption are otherwise issued in compliance with the provisions of this section shall, if duly recorded in the office of the recorder of mortgages of the parish wherein said lands are situated, be held and taken as evidence of the full and complete redemption of such lands, and as legal and valid.”
Plaintiff argues that, since the foregoing section stated that a certificate of redemption shall not be issued unless all district and other taxes due have been paid, the Register of the State Land Office is required to investigate and determine that all such taxes have in fact been paid. He further argues that one redeeming property from the state is entitled to presume that the Register had made such an investigation and that no state, parish, district or municipal taxes are due on the property redeemed.
However, we find that any presumption which may arise under R.S. 47:2224 is rebutted by the documents introduced in evidence. The redemption certificate itself, quoted above, specifically states that the redemption is without prejudice to privileges for other taxes, from which one can conclude that there may be other taxes due. The record further reflects that the drainage taxes were not, in fact, paid, since no redemption certificate was issued by the Drainage District.
We therefore conclude that the record reflects that the redemption certificate was not issued in full compliance with the provisions of R.S. 47:2224. Under the third of the above quoted paragraphs thereof, a certificate is evidence of “full and complete” redemption of the property covered thereby, only if there has been compliance with the provisions of the statute. Therefore, the certificate can stand for no more than a redemption from the sale for state and parish taxes only.
It follows that Rose Franklin Munro was divested of her title to the subject property by the tax adjudication to the Drainage District, and that plaintiff’s title, which deraigned from her and her husband, Charles H. Munro, is fatally defective.
The judgment appealed from is therefore affirmed, at plaintiff’s cost.
AFFIRMED.